UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Max A Medcqm, | Case No. 23-cv-2286 (DWF/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| United States Department of State, Jane Doe, and John Doe, | |
| Defendants. | |

This case is before the Court on pro se Plaintiff Max A Medcqm's Motion for Leave to File Motion to Preserve Evidence (Dkt. 74) and accompanying affidavit (Dkt. 75). The Court has considered the opposition filed by Defendant United States Department of State ("the State Department") (Dkt. 77) as well as Plaintiff's Reply (Dkt. 79). For the following reasons, the Court denies Plaintiff's Motion.

Plaintiff initiated this lawsuit in August 2023 (Dkt. 1), amended his Complaint in October 2023 (Dkt. 21), and amended again in January 2024 (Dkt. 36). He asserts multiple claims related to alleged experiences at the United States Embassy in Nairobi, Kenya. (*See generally* Dkt. 36.) In February 2024, the State Department moved to dismiss all claims alleged against the agency and its employees sued in their official capacities. (Dkt. 49.) The motion to dismiss is fully briefed (Dkts. 49, 57, 60) and under advisement before U.S. District Judge Donovan W. Frank (Dkt. 71).

On May 21, 2024, the Clerk's Office received a document from Plaintiff seeking leave to file a motion requiring the preservation of evidence relating to an August 2, 2021 appointment at the United States Embassy in Nairobi, Kenya. (Dkt. 74 at 1-4.) Specifically, Plaintiff seeks permission to seek preservation of camera footage and interview notes from the appointment. (*Id.*) Plaintiff argues that the evidence he seeks to preserve is "essential to ensure the fair adjudication of the issues" and that the evidence must be preserved to prevent it from "being lost, destroyed, or misused" by Defendants and their attorneys. (*Id.* at 2.)

The State Department argues that the Motion should be denied because it is procedurally improper due to Plaintiff's failure to comply with Local Rule 7.1 by failing to meet and confer as well as failure to meet other requirements of that Rule, and substantively meritless because it seeks discovery while the parties do not know whether any claims will survive the State Department's Motion to Dismiss. (Dkt. 77 at 2-5.) The State Department also represents that it is aware of its preservation obligations and has "taken steps to preserve evidence potentially relevant to the parties' claims and defenses in this case." (*Id.* at 5.)

In his Reply, Plaintiff takes issue with the State Department's characterization of his May 21, 2024 filing as a "motion," claiming it was "simply a request for permission, not an actual motion." (Dkt. 79 at 1.) He also asserts that he need not comply with Local Rule 7.1 because he did not file a motion and questions the truthfulness of the State Department's assertions regarding preservation. (*Id.* at 2-5.)

Local Rule 7.1(a) provides that before filing a motion, a party must "meet and confer with the opposing party in a good-faith effort to resolve the issues raised by the motion" and "must file a meet and confer statement together with the motion that it relates to" or promptly meet and confer after filing the motion and "supplement the motion with a meet and confer statement." D. Minn. LR 7.1(a). Local Rule 7.1(b) also requires the moving party to "file and serve the following documents simultaneously: (A) motion; (B) notice of hearing; (C) memorandum of law; (D) any affidavits and exhibits; (E) meet-and-confer statement (unless later filing is permitted under LR 7.1(a)(1)(A)); and (F) proposed order (an editable copy of which must be emailed to chambers)." D. Minn. LR 7.1(b).

Here, Plaintiff did not file a meet-and-confer statement with the Court, nor did he supplement his motion with a meet-and-confer statement, in violation of Local Rule 7.1(a). He also did not comply with Local Rule 7.1(b). Plaintiff does not argue that he met and conferred with the State Department in his Reply (*see* Dkt. 79) and the Court finds he did not do so.

Instead, Plaintiff claims in his Reply that he did not need to comply with the Rules because he did not file a motion and that "as a pro se [sic] [he] did not know the rules." (Dkt. 79 1, 3.) Plaintiff's argument that his May 21, 2024 filing was not a motion lacks merit. The May 21, 2024 filing is captioned a "**Motion** for Leave to File Motion to Preserve Evidence" and "**respectfully moves** this Court for an order . . . ." (Dkt. 74 at 1 (emphases added).) Indeed, a motion is the only proper way to request relief from a Federal court. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by

3

motion."). The Court finds that Plaintiff's May 21, 2024 filing is a motion to which the Federal and Local Rules apply.[1]

As to Plaintiff's reliance on his pro se status, the Court has previously advised Plaintiff, he must "comply with the Federal Rules of Civil Procedure, the District of Minnesota Local Rules, and all Orders of the Court" notwithstanding his pro se status. (Dkt. 35 ¶ 4.) The law is clear that '[e]ven pro se litigants must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005); *see also Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."). Indeed, Judge Frank has denied other requests made by Plaintiff for failure to comply with the Federal and Local Rules and directed Plaintiff to specific Local Rules.[2] (*See* Dkts. 39, 73.) Consequently, the Court denies the Motion for failure to comply with Local Rule 7.1(a) and (b).

---

[1] The Court also notes that in the Conclusion, Plaintiff asked the Court to "grant this Motion for Request for Entry of Order Relating to Preservation of Evidence" and to "order the preservation of the relevant evidence" by persons at the U.S. Embassy in Nairobi, Kenya. (Dkt. 74 at 4.) This further confirms that the May 21, 2024 filing is a motion.

[2] Judge Frank also ordered the Clerk to mail Plaintiff a copy of the Pro Se Civil Guidebook (Dkt. 73) and Plaintiff has now received that Guidebook (Dkt. 79 at 2). Plaintiff is advised that additional resources for pro se litigants such as himself are available at https://www.mnd.uscourts.gov/representing-yourself. Plaintiff can find links to the following Rules and the Guidebook at that site:
- the Federal Rules of Civil Procedure (https://www.mnd.uscourts.gov/federal-rules);

Even if the Court were to consider the merits of the Motion, the State Department has represented that it is complying with its preservation obligations, stating that it "issued a litigation hold and preservation notice in November 2023, just after being served." (Dkt. 77 at 4-5.) Although Plaintiff suggests the State Department is not being truthful, he offers only generalized allegations of malfeasance by Defendants. On this record, the Court has no basis to find the State Department has not complied with its preservation obligations. This is another reason why the Court denies the Motion.

However, the denial of this Motion is without prejudice to any party's ability to bring an appropriate discovery motion, consistent with the Federal Rules of Civil Procedure and the Local Rules, after Judge Frank rules on the Motion to Dismiss and if the case proceeds to discovery after the parties have conferred as required by the Federal Rules of Civil Procedure, s*ee* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).").

## ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's Motion for Leave to File Motion to Preserve Evidence (Dkt. 74) is **DENIED**.

Dated: June 3, 2024

                                               *s/Elizabeth Cowan Wright*
                                               ELIZABETH COWAN WRIGHT
                                               United States Magistrate Judge

---

- the Local Rules for the District of Minnesota (https://www.mnd.uscourts.gov/court-info/local-rules-and-orders); and
- the Pro Se Civil Guidebook (https://www.mnd.uscourts.gov/pro-se-civil-guidebook-and-information-sheets).